SOCIETE FABRIQUES DE PRODUITS CHIMIQUES DE THANN ET DE
MULHOUSE v. FRANCO–AMERICAN TRADING CO. et al.

(Circuit Court, S. D. New York. August 23, 1897.)

PATENT INFRINGEMENT SUITS—SALE BY GOVERNMENT OF INFRINGING GOODS—
PRELIMINARY INJUNCTION.
  A preliminary injunction will not be granted to restrain persons from
disposing of alleged infringing goods which they have purchased at a sale
by the United States marshal, and which were seized by the government
for undervaluation, when it appears that complainant's representative was
present at the sale, and gave no notification to bidders of its claim of
infringement. The fact that the marshal told him not to make such a
statement is immaterial, as the marshal had no right to prevent him from
giving warning.

This was a suit in equity by the Societé Fabriques de Produits
Chimiques de Thann et de Mulhouse against the Franco-American
Trading Company and others to enjoin alleged infringement of a
patent. The cause was heard on motion for a preliminary injunc-
tion.

Philip Mauro, for the motion.
Charles E. Rushmore, opposed.

LACOMBE, Circuit Judge. I do not think a preliminary injunction should be granted restraining defendants from disposing of the goods purchased at the sale by the United States marshal, when the representative of the complainant was present at the sale, saw the goods bid for, and sold to defendants, and gave no notification to any one that such goods were claimed to infringe complainant's patent. The circumstance that the marshal told complainant's representative not to make any such statement does not change the situation. The marshal had neither power nor right to shut complainant off from the assertion of his claim in the presence of the bidders. In fact, it would have been fairer to all concerned if the marshal had himself announced that complainant insisted that the goods infringed his patent. No doubt, had such announcement been made, only a nominal bid for the goods would have been obtained; but that is immaterial. The federal government is not supposed to increase its revenues by selling goods, seized for undervaluation, in such a way as to impose upon bidders by what practically amounts to a misrepresentation. Motion denied.